UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ELECTRONIC CONTROLLED SYSTEMS, INC., d/b/a KING CONTROLS, a Minnesota corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>WINEGARD COMPANY, an Iowa corporation,<br><br>    Defendant. | **Consolidated No. 3:09-cv-138**<br><br>**WINEGARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT** |
| WINEGARD COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>ELECTRONIC CONTROLLED SYSTEMS, INC. d/b/a KING CONTROLS,<br><br>    Defendant. | |

Defendant Winegard Company ("Winegard"), through its attorneys, Lane & Waterman LLP, in support of its Motion for Partial Summary Judgment of non-infringement submit the following reply to King Controls' Resistance Brief.

1

## I. ARGUMENT

King Controls resistance is premised solely on the ability of its own employee to mount a spare part for Winegard's Carryout® product on Winegard's Minimax™ product. However, the question of infringement is not whether the patent owner can modify an accused product into an infringing product. Moreover, the issue presented in Winegard's motion for summary judgment is not whether Winegard has somehow induced purchasers of the Minimax™ product to make the same modification that King Controls has made. The issue is simply this - does the Minimax™ **as sold** by Winegard infringe the '573 Patent.

The "question of fact" that King Controls relies upon is the allegation that an *employee of King Controls* was able to "Jerry-rig" a handle to the Minimax™ product and support the product by that handle.[1] But this "fact" is irrelevant to the question of whether <u>Winegard</u> infringes the '573 Patent by its sale of the Minimax™ product. King Controls has not and cannot allege that Winegard sells the Minimax™ product with a handle or in any way promotes the use of a handle with the Minimax™ product. Nor has King Controls alleged or provided any evidence that Winegard has induced purchasers of the Minimax™ product to modify the Minimax™ non-portable antenna to render it "portable". If merely a hypothetical ability to modify an existing product is enough to render it infringing then the King Controls patents must be invalid because it is also possible to add a handle to King Control's KingDome and SeaKing products. King Controls cannot side step the issue of <u>direct</u> infringement presented by Winegard's motion by raising a phantom <u>inducing</u> infringement issue based solely on the acts of *its own employee*.[2]

---

[1] Notably King Controls does not provide a picture of the "Minimax being carried" that clearly shows the metal mounting plates projecting outward from the housing (see App. 6 to Winegard's SOMF), nor do they otherwise explain how a person would carry the unit without getting scraped by the mounting plates.

[2] It is also notable that King Controls did not assert that <u>Winegard</u> instructed Camping World or the Camping World employee to sell a Carryout® replacement handle to customers who purchased a Minimax™. For that matter, King Controls did not provide any details of the exchange between King Control's employee and the

2

King Controls has offered two responses to Winegard's application of the doctrine of prosecution disclaimer to limit the claim construction of the '573 Patent, neither of which has any legal merit. King Controls first disagrees with the claim construction proposed by Winegard, namely that the language "configured to enable [both] manual transportability" requires a handle. King Controls' only basis for this disagreement is that King would prefer the language suggested in the Joint Claim Construction Statement. King Controls does not specifically address the prosecution disclaimer that arose when it prosecuted the claims of the '573 Patent or otherwise rebut the conclusions drawn in Winegard's initial brief.

Instead, King Controls falls back on its second response that, "The rigors of actually finding prosecution history estoppel are much more stringent than argued by Winegard." King Controls does not explain what these "rigors" are, how they might be more stringent or how these more stringent rigors might alter the effect of King Controls' statements to the U.S. Patent Office. Again, King Controls does not rebut any of the arguments presented in Winegard's initial motion.[3]

## II.   **CONCLUSION**

---

Camping World employee other than the uncorroborated statement that the King Control's employee "informed Camping World that I was going to place these handles on a Minimax." "[C]onclusory, allegations and self-serving affidavits, without support in the record do not create a triable issue of fact." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 283 F.Supp.2d 1018, 1027 (N.D. Iowa 2003) quoting *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002)

[3] King Controls references the *Computer Docking* case in which summary judgment of non-infringement was upheld because the scope of certain claim language was narrowed by the patentee's arguments to the Patent Office. *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1379 (Fed. Cir. 2008). While the Federal Circuit noted in *Computer Docking* that prosecution disclaimer does not apply to an "ambiguous disavowal," King Controls has not suggested that its disavowal during prosecution of the '573 Patent was ambiguous. The Federal Circuit also explained that the doctrine does not apply "if the applicant simply describes features of the prior art and does not distinguish the claimed invention based on those features." *Id.* Again, King Controls does not propose any argument that its statements fit this exception to prosecution disclaimer.

King Controls has admitted that a Minimax™ mounted to a vehicle does not infringe the '573 Patent. Winegard only sells the Minimax™ to be mounted on a vehicle. Thus, by King Controls' admission the Minimax™ **as sold by Winegard** does not infringe the '573 Patent.

| | |
|---|---|
| MAGINOT, MOORE & BECK LLP<br>Michael D. Beck<br>111 Monument Circle, Suite 3250<br>Indianapolis, IN 46204<br>Phone: (317) 638-2922<br>Fax: (317) 638-2139<br>Email: mdbeck@maginot.com | LANE & WATERMAN LLP<br><br>By  /s/ Charles E. Miller<br>   Charles E. Miller (AT0005409)<br>   Thomas D. Waterman (AT0008341)<br>   April A. Marshall (AT0009604)<br>220 North Main Street, Suite 600<br>Davenport, IA 52801<br>Phone: (563) 324-3246<br>Fax: (563) 324-1616<br>Email: cmiller@l-wlaw.com<br>Email: twaterman@l-wlaw.com<br>Email: amarshall@l-wlaw.com |

**ATTORNEYS FOR WINEGARD COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th day of September, 2010**, I electronically filed the foregoing **Reply Brief in Support of Winegard Company's Motion for Partial Summary Judgment of Non-Infringement** with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

>Randall T. Skaar (Pro Hac Vice)
>Scott G. Ulbrich (Pro Hac Vice)
>Skaar Ulbrich Macari, P.A
>601 Carlson Parkway, Suite 1050
>Minneapolis, MN 55305
>Phone: (612) 216-1700
>Fax: (612) 234-4465
>skaar@sumiplaw.com
>
>J. Campbell Helton (AT 0003425)
>Whitfield & Eddy, PLC
>317 Sixth Avenue, Suite 1200
>Des Moines, IA 50309-4195
>Phone: (515) 288-6041
>Facsimile: (515) 246-1474
>Helton@whitfieldlaw.com

/s/ Charles E. Miller