UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

| | |
|---|---|
| ELECTRONIC CONTROLLED SYSTEMS, INC. d/b/a KING CONTROLS,<br><br>Plaintiff,<br><br>v.<br><br>WINEGARD COMPANY,<br><br>Defendant. | Consolidated Case No. 3:09-cv-138<br><br><br>**KING CONTROLS' OPENING CLAIM CONSTRUCTION BRIEF** |
| WINEGARD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC CONTROLLED SYSTEMS, INC. d/b/a KING CONTROLS,<br><br>Defendant. | |

## INTRODUCTION

King Controls asserts that Winegard infringes two related patents: US Patent 7,595,764 ('764) and US Patent 7,675,573 ('573). King Controls asserts that Winegard infringes claims 1, 2, 3, 8 & 9 of '763 patent, and claims 1, 2, 3, 8, 9, & 19-25 of the '573 patent by the sale and

1


other activity concerning the accused products.  Of the asserted claims, Winegard is asking for terms to be construed in claims 1, 2, 3 & 8 of the '763 patent, and claims 1, 2, 19 & 20 of the '573 patent.  King Controls is asking that no terms be construed.  There is one stipulation as to claim construction.

It is King Controls' position that the majority of the terms and phrases identified by Winegard as in need of claim construction are used in there everyday sense, with no issues as to scope or special meanings, and thus no claim construction is necessary.  Winegard additionally challenges the scope of some claim terms, but in all cases asks this Court for impermissibly narrow claim construction.

## CLAIM CONSTRUCTION

### STIPULATED CLAIM CONSTRUCTION

The parties agree and stipulated that the phrase "comprised of" as found in the patents-in-suit means "including but not limited to"(docket #57, section 4(A)).[1]

### CONTESTED CLAIM CONSTRUCTION

Not all claim terms are subject to claim construction.  The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed.Cir.1995) (en banc), aff'd 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute. See id. at 979 (holding that claim construction is a matter of law).

---

[1] *Cias, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1359 - 1362 (Fed. Cir., 2007)

One of the central tenants of claim construction law is that if a person of ordinary skill in the art would understand the term in its ordinary, everyday sense, there is no need to construe the term. E.g., *Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1349 (Fed. Cir. 2001) (district court did not err when it declined to construe "melting" when the meaning of "melting" did not depart from its ordinary meaning or otherwise require construction); *Applera Corp. v. Micromass UK Ltd.*, 186 F. Supp. 2d 487, 524, 526 (D. Del. 2002) (court declined to construe terms "maintain," "maintaining", and a "whereby" clause because they were clear on their face and the meaning was "self-evident"); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 U.S. Dist. LEXIS 33414(E.D. Tex. Apr. 20, 2009)["The Court finds that the term 'affixed' is readily understandable for a jury and thus no construction is necessary."]; *Zip Dee, Inc. v. Dometic Corp.*, 63 F. Supp. 2d 868, 872 (N.D. Ill. 1998) (rejecting defendant's "artificial construct" of the term "tension" because no construction beyond the "ordinary English language meaning of the term" was required and thus, the patent's "references to tension'" [would] go to the jury without the interposition of any judicial gloss.").

As the Federal Circuit made clear in *U.S. Surgical v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997), claim construction is "a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy." *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1364 (Fed. Cir. 1999) ("Courts do not rewrite claims; instead [they] give effect to the terms chosen by the patentee."). "Generally speaking, we indulge a heavy presumption that a claim term carries its ordinary and customary meaning." *Ccs Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir., 2002) (citing: Johnson Worldwide, 175

F.3d at 989, 50 USPQ2d at 1610; accord Gart, 254 F.3d at 1341, 59 USPQ2d at 1295; Kegel, 127 F.3d at 1427, 44 USPQ2d at 1127).

**The '764 Patent**

CLAIM 1

I.  A RIGID ENCLOSURE…**CONFIGURED TO ENABLE…MANUAL TRANSPORTABILITY**[2]

The first two phrases Winegard asks the Court to construe are bolded above and are recited in context to help show how they are related.  Winegard asks the Court to construe 'configured to enable' by simply restating the language using different words.  Winegard's requested claim construction is: "Arranged or set up to facilitate or allow."  King Controls agrees that "configured to enable" could also have been phrased as Winegard suggests.  The two phrases have generally the same meaning.  But the patentee chose 'configured to enable'.  As the Court said in *K-2 Corp. v. Salomon S.A.*, "Courts do not rewrite claims; instead [they] give effect to the terms chosen by the patentee"(at 1364).  The request by Winegard to substitute "arranged to set up to facilitate or allow" for "configured to enable" is to rewrite the language of the claim, and not clarify a disputed claim term or give it its due special meaning.  It is therefore improper.  This phase is not in need of claim construction and should not be construed by the Court.

Winegard next asks this Court to limit the structure associated with the entire phrase "**configured to enable**…**manual transportability**" to "a Handle".  King Controls does not agree, however, that this phrase should be so limited in its scope.  King Controls agrees that the

---

[2] King Controls has attached the complete claim language for all relevant claims as exhibit 1, for the Court's reference.

structures associated with this limitation do include a handle.  But the actual handle claim limitation is called out in claim 2.

> 2. The satellite antenna system of claim 1, further comprising a handle connected to an outer surface of the enclosure.

Standard patent claiming convention requires an independent claim (i.e. claim 1) to be broader than its dependant claims (i.e. claim 2), as each dependant claim adds limitations to the claimed invention, thus narrowing the scope of the claims' coverage.[3]  Also, to read the limitation of claim 2 into claim 1, as a general rule, violates the doctrine of claim differentiation.

> "Although claim differentiation is not a hard and fast rule of construction, it is applicable where there is a dispute over whether a limitation found in a dependent claim should be read into an independent claim, and that limitation is the only meaningful difference between the two claims." *Rf Delaware v. Pacific Keystone Technologies*, 326 F.3d 1255, 1263 (Fed. Cir., 2003)(citing *Wenger Mfg., Inc. v. Coating Mach. Sys.*, Inc., 239 F.3d 1225, 1233, 57 USPQ2d 1679, 1685 (Fed.Cir.2001)).

Claim 1, where our subject phrase is found, should therefore be broader than claim 2, where the specific 'handle' limitation is recited, and the 'handle' limitation of claim 2 should not be read into claim 1.

Winegard's argument to narrow claim 1 to include only 'a handle' appears to be based upon their assertion that a handle is the only structure disclosed in the patent's specification to provide manual portability, and therefore it should be imported from the specification into the claim as a limitation.  However, it is generally improper to read limitations from the specification

---

[3] Under the doctrine of claim differentiation, dependent claims are presumed to be of narrower scope than the independent claims from which they depend. See *RF Del., Inc. v. Pac. Keystone Techs.*, Inc., 326 F.3d 1255, 1264 (Fed.Cir.2003) (stating that an independent claim is usually accorded a scope greater than its dependent claims).

into the claims. "One of the cardinal sins of patent law [is] reading a limitation from the written description into the claims," *SciMed Life Sys.*, 242 F.3d 1337, 1340 (Fed. Cir., 2001). .

The specification, at any rate, provides evidence that Claim 1 should be interpreted much more broadly than proposed by Winegard.

The '763 patent specifically states in relevant part:

> Enclosure 101 is dielectric and is preferably made out of a ultra-violet protected lightweight plastic or other electromagnetic wave permeable material (col 3, lns 18-20)…a dielectric handle 126 can be attached to the enclosure 101 of the system (col 5, lns 35-36)…In another embodiment, a dielectric carrying case can contain the system. ***It will be apparent to those of skill in the art that various other dielectric features could be used to provide portability to such a system.*** (Emphasis added) (col 5, lns 48 -51).

Contrary to Winegard's contention, not only does the '763 patent specification disclose other embodiments, such as a carrying case, it also allows for other means of manually transporting the invention as apparent to those skilled in the art. Thus for example straps, or a recessed hand-hold molded into the enclosure might also fall under the scope of "configured to enable…manual transportability." In this instance, even if it were proper to look to the specification, a broader scope of coverage than that requested by Winegard would be warranted. The Court should deny Winegard's request to limit the scope of this phrase to "a handle" given the law, and the clear disclosure and intent by the patentee to have a much broader scope for this claim limitation.

II.   …**SELECTIVELY ADJUST**" AND "**SELECTIVELY ROTATE**…

It is King Controls' position that 'selectively' is used in a normal way, and does not have a special meaning to one skilled in the art. It therefore does not require construction.

Winegard asks for the adverb "selectively" to be construed. Winegard's proposed construction is: "interactive and incremental adjustment" and "interactive and incremental rotation". Winegard's support for this construction is somewhat of a mystery. In its portion of The Joint Claim Construction Statement (docket #57, claim 1), Winegard simply states "Since these terms are undefined in the specification, we look to the specification to identify the structure that performs the function." However, such claim construction is legally incorrect. First of all, the patent specification is not a dictionary for all the words used in it. The fact that it does not contain a definition of the word 'selectively' is neither surprising nor expected. However, Winegard then uses this fact to run to the specification looking for answers. Winegard should have first discerned the ordinary and customary meaning of 'selectively'. As cited above from *CCS Fitness,* at 1366: "Generally speaking, we indulge a heavy presumption that a claim term carries its ordinary and customary meaning.". Winegard, however, does not appear to be interested in the ordinary and customary meaning of the word 'selectively".

In context the claim reads "a motorized elevation drive system configured to **selectively adjust** an elevation of the satellite dish" and "a motorized azimuth drive system configured to **selectively rotate** the satellite dish". (col 9, lins 18-21)   In English, one might say: "Fred selectively retrieved a rotten apple from the barrel". Winegard would have us believe that the sentence "Fred interactively and incrementally retrieved a rotten apple from the barrel" was not only a sentence with the same meaning as the first, but somehow serves to clarify the term 'selectively' used in the first. The fallacy of Winegard's proposed construction is most easily

7

seen by the use of the word "incremental". Nothing in the adverb 'selectively' connotes some sort of incremental action or movement. The definition of 'increment' is: "a slight, often barely perceptible augmentation".[4] To so limit claim 1 would require a finding that the Patentee was being his own lexicographer[5] and specifically defined 'selectively' to include 'incremental'. However, Winegard surrenders this argument in it first breath in the Joint Claim Construction Statement (docket #57, Claim 1) "Since these terms are undefined in the specification…". As Winegard is not claiming the patentee had a special meaning for the word 'selectively' it should have its ordinary meaning. There is no reason claim 1 of the '763 patent should be limited to the requirement that the adjustment or rotation of the satellite antenna be 'slight'. This would be an improper re-writing of the claim and change the scope of the claim by narrowing it with no legally sufficient reason to do so.

Use of the term "interactive" is problematic as well. King Controls agrees that the use of the term 'selectively' does imply some interaction. Something has to do the selecting. In the rotten apple example, Fred did the selecting.[6] In claim 1 of the '763 patent, a **control system** does the selecting:

> …a motorized elevation drive system configured to **selectively adjust** an elevation of the satellite dish; a

---

[4] The American Heritage® Dictionary of the English Language, Fourth Edition copyright ©2000.

[5] When a patentee acts as his own lexicographer in redefining the meaning of particular claim terms away from their ordinary meaning, he must clearly express that intent in the written description. *See, e.g., Bell Atl. Network Servs. v. Covad Communications Group, Inc.,* 262 F.3d 1258, 1268 (Fed.Cir.2001). We have repeatedly emphasized that the statement in the specification must have sufficient clarity to put one reasonably skilled in the art on notice that the inventor intended to redefine the claim term. *Id*

[6] The sentence would be no less descriptive; however, if one said "a rotten apple was selectively retrieved from the barrel". We don't know who did the selecting or retrieving, but we know it was done, and we know there had to be 'interaction' without specifically stating so. Stating that "a rotten apple was interactively selectively retrieved from the barrel" adds nothing to clarify the sentence, and is redundant at best.

>motorized azimuth drive system configured to **selectively rotate** the satellite dish; and a **control system** connected to the elevation drive system and the azimuth drive system to control automated operation of the satellite antenna system.

A "**control system**" interacts with the elevation and azimuth drive systems to control their operation. To further add the notion of 'interactivity' to the claimed adjustment and rotation of the satellite dish is redundant, confusing and improper, and the Court should not so construe the subject claim terms.

CLAIM 2

III. …**CONNECTED TO AN OUTER SURFACE**…

It is King Controls' position that "connected to an outer surface" is used in a normal way, and does not have a special meaning to one skilled in the art. It therefore does not require construction.

Winegard requests that the word "connected" should be replaced with "attached". King Controls agrees that the words 'connected' and 'attached' are synonyms. However the patentee chose the word 'connected'. The fact that Winegard has chosen a synonym for its proposed construction demonstrates that there is no dispute over what the term means, or the scope of the term, thus the Court should not rewrite the claim or otherwise construe the word 'connected'.

CLAIM 3

IV.    THE ENTIRETY OF CLAIM 3?

Winegard feigns confusion about the meaning of Claim 3 of the '763 patent during this claim construction process; however, Winegard broadly and clearly interprets Claim 3 when arguing its invalidity. The Court's have long held that one cannot broadly interpret claims to attempt to invalidate them, and take a narrow view of the claims to attempt to avoid infringement. "It is axiomatic that claims are construed the same way for both invalidity and infringement." *W.L. Gore & Assoc., Inc. v. Garlock*, Inc., 842 F.2d 1275, 1279, 6 USPQ2d 1277, 1280 (Fed.Cir.1988). As shown below, Winegard has violated this axiom. Claim 3 reads in its entirety:

> 3. The satellite antenna system of claim 2, wherein the enclosure includes a generally planar base defining a bottom of the enclosure when the satellite antenna system is positioned in a first orientation for automated operation and wherein the handle is positioned such that the base is oriented at an angle to ground when the satellite antenna system is positioned in a second position for manually transportability by the handle, the satellite antenna system being configured to provide a center of mass of the system that is the same in the first orientation and the second orientation.

The claim describes the different orientations of the satellite antenna when the antenna is being used versus when it is being carried by the handle (see photos below).



First Orientation/Position
(in use)



Second Orientation/Position
(being carried)

Winegard attempts to define its confusion by stating in the Joint Claim Construction Statement "…the only possible interpretation is that the base is horizontal in the first orientation and at an angle greater than 60 degrees in the second orientation." (docket #57, claim 3).  The fact that Winegard's confusion is manufactured is apparent, however, when Winegard expresses no such confusion when arguing that Claim 3 is invalid as obvious over various prior art references:

> [The prior art] discloses a planar cylindrical case 35 as the bottom of the enclosure, which can be positioned in a first orientation for automated operation.  If the case 35 were modified to have a handle provided in the location disclosed by the [prior art] then when a user used the handle to carry the satellite system 30, the case 35 could be oriented at an angle to the ground when the satellite system is positioned for manually transportability [7](exhibit 2).

---

[7] Exhibit 2 is a paragraph from Winegard's re-examination papers which Winegard has specifically designated as representing their invalidity position in this action, if this Court sees fit to allow Winegard to so insert that position after resolution of docket items #45 and #49.

When Winegard argues that Claim 3 is invalid, it states nothing about the satellite system being horizontal when in use or being at a greater than 60 degree angle when being carried. In fact Winegard argues succinctly that any carry angle that is different from the in-use angle is enough to satisfy the claim limitations. King Controls believes Winegard's invalidity position is wrong for a whole host of reasons, but its interpretation of the scope and meaning of claim 3 is not one of them. King Controls agrees with Winegard on the scope and meaning of claim 3 as described in Winegard's invalidity position. As there is no dispute as to the scope and meaning of Claim 3, the Court should not construe it. Winegard's manufactured confusion about the meaning of claim 3 in this proceeding, as it conflicts with their lack of confusion regarding Claim 3 when they are attempting to invalidate it, should demonstrate to the Court that Winegard's position has no legal footing.

## CLAIM 8

### V. …CONFIGURED TO ALLOW…

King Controls adopts the arguments it made in section I. above for the phrase "configured to enable". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

**The '573 Patent**

CLAIM 1

VI.   …THE ENCLOSURE **CONFIGURED TO ENABLE…MANUAL TRANSPORTABILITY**…

King Controls adopts the arguments it made in section I. above for the phrase "configured to enable…manual transportability". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

VII.   …**SELECTIVELY ADJUST**…

King Controls adopts the arguments it made in section II. above for the phrase "selectively adjust". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

CLAIM 2

VIII.   **…CONNECTED TO AN OUTER SURFACE…**

King Controls adopts the arguments it made in section III. above for the phrase "connected to an outer surface". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

CLAIM 19

IX.   … **CONFIGURED TO ENABLE…MANUAL TRANSPORTABILITY**…

King Controls adopts the arguments it made in section I. above for the phrase "**configured to enable**…**manual transportability**". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

X.   …**SELECTIVELY ADJUST**…

King Controls adopts the arguments it made in section II. above for the phrase "selectively adjust". The Court should decline claim construction of this phrase for the same reasons as recited in that section.

CLAIM 20

XI.   …**DISPOSED ON THE ENCLOSURE**…

It is King Controls' position that "disposed on the enclosure" is used in a normal way, and does not have a special meaning to one skilled in the art. It therefore does not require claim construction.

Winegard would have the Court construe this phrase as "attached to an outer surface". This is the same construction that Winegard requested for "connected to an outer surface" in Claim 2 of the '764 patent. Where King Controls agreed that "attached" and "connected" were synonyms in that case, the same is not true between "disposed" and "attached". The word "disposed" is broader in definition than "attached". The definition of "disposed" is: "to place or set"[8] or "to put in a suitable location or place"[9]. An attachment or connection is not necessarily required by the word "disposed". The Court should not construe the word 'disposed' to be as narrow as 'attached', as the patentee chose a broader term for this claim, and no other sufficient reason is presented.

---

[8] The American Heritage® Dictionary of the English Language, Fourth Edition copyright ©2000.

[9] Random House Dictionary, © Random House, Inc. 2010.

Respectfully submitted,

Date: October 25th, 2010

By: /s/Randall T. Skaar
Randall T. Skaar (Pro Hac Vice)
Scott G. Ulbrich (Pro Hac Vice)
SKAAR ULBRICH MACARI, P.A
601 Carlson Parkway, Suite 1050
Minneapolis, MN  55305
Phone:(612) 216-1700
Fax:  (612) 234-4465
skaar@sumiplaw.com
ulbrich@sumiplaw.com

J. Campbell Helton (AT 0003425)
WHITFIELD & EDDY, PLC
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Phone:  (515) 288-6041
Facsimile: (515) 246-1474
helton@whitfieldlaw.com

For King Controls

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 25, 2010 I electronically filed the foregoing Claim Construction Brief with the Clerk of Court using the ECF system which automatically sent this documents to the following:

April A. Marshall
Charles E Miller
Thomas D Waterman
LANE & WATERMAN L.L.P.
220 North Main Street, Suite 600
Davenport, IA 52801

Michael D Beck
MAGINOT, MOORE & BECK LLP
111 Monument Circle, Suite 3250
Indianapolis, IN 46204

                                       **SKAAR ULBRICH MACARI, P.A**
                                       601 Carlson Parkway, Suite 1050
                                       Minneapolis, MN  55305
                                       Phone:(612) 216-1700
                                       Fax:  (612) 234-4465
                                       skaar@sumiplaw.com

                                       By: /s/ Randall T. Skaar