UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

| | |
|---|---|
| ELECTRONIC CONTROLLED SYSTEMS, INC. d/b/a KING CONTROLS,<br><br>    Plaintiff,<br><br>v.<br><br>WINEGARD COMPANY,<br><br>    Defendant. | **Consolidated Case No. 3:09-cv-138**<br><br><br>**KING CONTROLS' REPLY<br>CLAIM CONSTRUCTION BRIEF** |
| WINEGARD COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC CONTROLLED SYSTEMS, INC. d/b/a KING CONTROLS,<br><br>    Defendant. | |

**<u>INTRODUCTION</u>**

Winegard has once again circumvented the requirements of the scheduling Order and as a result added confusion to what was supposed to be an orderly Claim Construction process. Winegard was required, under paragraph (f) of the scheduling Order (docket #43) to provide

1

detailed information regarding its proposed claim construction positions.   During the

exchanging of proposed claim terms, and during the parties meet and confer,  Winegard never

indicated that it believed certain claim terms invoked the provision of 35 U.S.C. §112, ¶6

("means-plus-function").   Had Winegard followed the Court's Order, the parties could have had

a meaningful exchange regarding whether the subject claim elements invoked 35 U.S.C. §112,

¶6, and what structure and equivalents were in play, if any.    Further, the scheduling Order

required Winegard disclose in its portion of the Joint Claim Construction Statement all evidence

it intended to rely on in support of its proposed claim Construction  (docket # 43, section (f) and

compare to docket #57).  Winegard failed in this regard as well, particularly when it invoked

Prosecution History Disclaimer and wholly failed to site to the prosecution record in the Joint

Claim Construction Statement (docket # 57).

     Had Winegard complied with this Court's Order, the opening briefs would have been more

helpful to the Court, instead of two ships passing in the night.  King Controls is mindful,

however, that Claim Construction is a matter of law, and that the parties are presumably

attempting to assist the Court in coming to the proper conclusion regarding claim construction.

Thus King Controls will address Winegard's new arguments.

I.   A RIGID ENCLOSURE…**CONFIGURED TO ENABLE…MANUAL TRANSPORTABILITY**
     ('573 PATENT CLAIMS 1, 19; '764 PATENT CLAIM 1)[1]

     Winegard now asserts three positions regarding this phrase: 1) it is indefinite under 35

U.S.C. §112 ¶2; 2) it is limited by the doctrine of Prosecution History Disclaimer to mean "a

---

[1] Winegard references claims 10 and 12 from the '573 patent from time to time in its briefing, but those claims are
not asserted by King Controls.

handle"; 3) it is a means-plus-function claim element invoking 35 U.S.C. §112 ¶6, and the structure associated with that phrase is only "a handle".

The simplest way to dispense with Winegard's apparent strategy of getting an incongruent claim construction using the three arguments above is to once again look at their argument regarding invalidity. When arguing that the claim is invalid over the prior art, Winegard agrees with King Controls that the reasonable interpretation of **" 'configured to enable…manual transportability' is a limitation relating to the enclosure, adapting the device to be carried by a user (e.g., the cover or base includes a handle or strap)."** (Exhibit A, ¶ 3 taken from Winegard's invalidity position). Such an argument precludes infiniteness under 35 U.S.C §112, ¶ 2, precludes a finding that the claim language invokes 35 U.S.C §112, ¶ 6, and precludes Winegard's attempt at using Prosecution History Disclaimer. As "It is axiomatic that claims are construed the same way for both invalidity and infringement." (*W.L. Gore & Assoc., Inc. v. Garlock*, Inc., 842 F.2d 1275, 1279, 6 USPQ2d 1277, 1280 (Fed.Cir.1988)), the Court can rely on Winegard's claim interpretation in its invalidity position in determining that no dispute between the parties exists regarding this phrase, and decline to construe the phrase. Nevertheless, King Controls will analyze each of Winegard's positions independently.

1.   **THIS PHRASE IS NOT INFINITE UNDER 35 U.S.C §112, ¶ 2**

The Federal Circuits' position on applying 35 U.S.C §112, ¶ 2 is nicely summarized by this quote from *Exxon Research v. U.S.,* 265 F.3d 1371, 1375 (Fed. Cir., 2001)

> We have not insisted that claims be plain on their face in order to avoid condemnation for indefiniteness; rather, what we have asked is that the claims be amenable to construction, however difficult that task may be. If a claim is insolubly ambiguous, and no narrowing construction can properly be adopted, we have held the

claim indefinite. If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds. See, e.g., Modine Mfg. Co. v. U.S. Int'l Trade Comm'n, 75 F.3d 1545, 1557, 37 USPQ2d 1609, 1617 (Fed. Cir. 1996) (rejecting indefiniteness argument after construing claims; stating that "when claims are amenable to more than one construction, they should when reasonably possible be interpreted to preserve their validity"); *Athletic Alternatives, Inc. v. Prince Mfg.*, Inc., 73 F.3d 1573, 1581, 37 USPQ2d 1365, 1372 (Fed. Cir. 1996) (court chose the narrower of two equally plausible claim constructions in order to avoid invalidating the claim). By finding claims indefinite only if reasonable efforts at claim construction prove futile, we accord respect to the statutory presumption of patent validity, see N. Am. *Vaccine, Inc. v. Am. Cyanamid Co.*, 7 F.3d 1571, 1579, 28 USPQ2d 1333, 1339 (Fed. Cir. 1993), and we protect the inventive contribution of patentees, even when the drafting of their patents has been less than ideal.

The fact that Winegard has proposed a claim construction for this phrase is proof enough that the phrase is not "insolubly ambiguous" and not indefinite under 35 U.S.C §112, ¶2. Winegard's constant refrain that it is reserving its right to argue that certain claims are indefinite, and thus invalid, is simply legally inconsistent with its claim construction position, and should be disregarded by the Court.

2.   35 U.S.C §112, ¶ 6 (MEANS-PLUS-FUNCTION) IS NOT APPLICABLE HERE

The Federal Circuit in *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1369 (Fed. Cir., 2002) concisely stated the relevant law regarding applying  35 U.S.C. § 112 ¶ 6 in this case:

> "A claim limitation that actually uses the word "means" will invoke a rebuttable presumption that § 112 ¶ 6 applies. *Personalized Media Communications*, 161 F.3d at 703-04, 48 USPQ2d at 1887. By contrast, a claim term that does not use "means" will trigger the rebuttable presumption that § 112 ¶ 6 does not apply. *Id.* at 704, 161 F.3d 696, 48 USPQ2d at 1887; Watts, 232 F.3d at 880, 56 USPQ2d at 1838.

4

As the phrase at issue does not use the word "means" the presumption that this is not a means-plus-function element is invoked and the need to rebut is raised.  Winegard not only fails to inform the Court of the legal presumption, it also fails to offer any evidence to rebut the presumption.  To present a legally sufficient argument, Winegard needed to provide evidence that one skilled in the art would not understand the phrase "a rigid enclosure…**configured to enable…manual transportability**" without importing structure from the specification.  (*See CCS Fitness,* 288 F.3d at 1369 – 1370). Winegard provided no such evidence (docket #57).

Further, the patentee made clear that 35 U.S.C §112, ¶ 6 was not intended for use in these claims unless the words "means for" were used:

> For purposes of interpreting the claims for the present invention, it is expressly intended that the provisions of Section 112, sixth paragraph of 35 U.S.C. are not to be invoked unless the specific terms "means for" or "step for" are recited in a claim. ('763 patent, column 8, lns 63 – 67).

The Court should rely on the legal presumption and conclude this claim element is not in means-plus-function format, as there is no evidence to the contrary.

3.   THERE IS NO PROSECUTION HISTORY DISCLAIMER

Whether prosecution history disclaimer applies is a legal question. *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448, 1456 (Fed.Cir. 1998) (en banc).   Disclaimer of subject matter will be found only if, during prosecution there is "a clear and unmistakable surrender of subject matter." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1251 (Fed.Cir.2000).

It is Winegard's position that there is "clear and unmistakable surrender of subject matter" that requires this Court to construe the instant phrase to mean only "a handle" and

5

nothing else.  However Winegard never identifies the evidence to support this contention.

Winegard was supposed to list the evidence it was to rely on in the Joint Claim Construction

Statement (docket #57).  Instead, in its brief (docket #80, P. 8 – 9) Winegard asks the Court to

look to Docket #55-1 for its support, again traversing the requirements of the Scheduling Order.

In that brief Winegard states, referring to claim 1 of the '573 patent, "This limitation must be

further construed to require a handle on the enclosure, in light of Plaintiff's statements to the

Patent Examiner and in light of the specification of the '573 patent." (docket #55-1, p. 9).

However Winegard never provides a quote from the file history to support any sort of

"unmistakable surrender of subject matter".   One would expect a statement by King Controls

something along the lines of: "what we mean by this phrase is a handle and a handle only".

Winegard presents no evidence of the kind.  All we are left with is attorney argument.  The Court

should reject Winegard's contention that Prosecution History Disclaimer limits the scope of the

phrase at issue.  The patent specification and claim language make clear that the patentee

intended a much broader scope for this phrase, as King Controls presented in its opening brief,

and the Court should decline to construe this phrase.[2]


II.   ...**SELECTIVELY ADJUST...** AND ...**SELECTIVELY ROTATE...**
       ('573 CLAIMS 1, 19; '764 CLAIM 1)

Winegard again argues that these two claim phrases are indefinite under  35 U.S.C. §112,

¶2  and are means-plus-function claim limitations that invoke 35 U.S.C. §112, ¶6.  King Controls

---

[2] One might also question whether there is a relevant issue regarding this claim limitation.  Winegard contends the limitation means only "a handle".  King Controls acknowledges that it includes "a handle".  Winegard's accused Carryout and Minimax are only accused of meeting this element when they include "a handle".  Whether the phrase might include other indices of manual transport, such as straps for example, is not at issue in this case.  The Court might well defer any claim construction on this phrase until and if an actual controversy arises regarding the scope of the claim terms.

will not reiterate its arguments regarding 35 U.S.C. §112, ¶2 here, but will rely instead on its

general discussion of this statute section above.

Winegard's legal flaw in attempting to apply 35 U.S.C. §112, ¶6  to these terms is

revealed by the result of its analysis.  The result of any means-plus-function claim analysis must

be to identify structure.  A claim using means-plus-function format will cover only the

corresponding *structure* disclosed in the written description, as well as that structure's

equivalents. 35 U.S.C. § 112 ¶ 6; *Watts v. XL Sys., Inc.,* 232 F.3d 877, 881, 56 USPQ2d at 1838;

*Personalized Media Communications, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 703, 48

USPQ2d 1880, 1886 (Fed.Cir.1998). Winegard's resultant claim construction is not structure, but

what appears to be randomly chosen words: "Incremental and interactive adjustment/rotation".

Winegard itself demonstrates that these phrases are not amenable to construction under 35

U.S.C. §112, ¶6.

Further Winegard never rebuts the presumption that these phrases are not means-plus-

function claim limitations because the phrases do not contain the term 'means'.   Lastly,

Winegard completely ignores the fact that the claim itself calls out plenty of structure to support

the actions of rotation and adjustment (see discussion under this claim element in King Controls

opening brief).  The support for Winegard's proposed claim construction for this element is non-

existent, and the Court should determine that these phrases do not invoke 35 U.S.C §112, ¶6, and

these phrases are otherwise not in need of construction.

III.   **…CONNECTED TO AN OUTER SURFACE…**
       ('573 CLAIM 2;'764 CLAIM 2)

King Controls relies on its initial claim construction brief (docket # 81) for construction

of this phrase as used in the two patents in suit.  This phrase is not in need of claim construction.

IV.   **"...A FIRST ORIENTATION..."**
         ('763 CLAIM 3)

It is difficult to address Winegard's complaint regarding this claim as the terms that it requests to be construed keep changing.  It appears now Winegard has settled on "a first orientation" as the only term in need of construction, however their proposed claim construction seems to be snatched from thin air.  Winegard requests that "a first orientation" be construed as "about 60 degrees relative to the horizon".  The evidence it claims to be relying on is column 5, lines 42-45 of the '763 patent specification which reads:

> The handle 126 can be positioned such that when system 100 is
> carried by handle 126, bottom surface 110 is oriented at an angle to
> the ground.

Winegard's jump from that sentence to its proposed claim construction of "about 60 degrees relative to the horizon" seems a big leap indeed.   It is clear from the claim language that when the satellite system is in use, the bottom of the unit is on the ground or other surface, and thus the bottom has no angle to the ground or surface.  When the unit is lifted by the handle (and because the handle is not on the top of the unit), the unit tilts and the bottom forms an angle to the ground.  Winegard's argument that this angle really isn't an angle until "about 60 degrees relative to the horizon" is unsupported by any evidence.

King Controls acknowledges that the claim would have been more properly written had 'second position' been written as 'second orientation" as appears was intended.  Because claim 3 uses "a second position" first, and then uses "the second orientation" the antecedent basis is clear, but the drafter likely intended to use the words "a second orientation" instead of "a second position" to better match the later used "the second orientation".  As cited above from *Exxon Research,* at 1375:

> If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds. See, e.g., Modine Mfg. Co. v. U.S. Int'l Trade Comm'n, 75 F.3d 1545, 1557, 37 USPQ2d 1609, 1617 (Fed. Cir. 1996)

In this case the claim is wholly discernible. Even Winegard, in its invalidity claim construction, makes clear that it fully understands the meaning and scope of this claim and the terms at issue. The Court need not construe any terms in this claim, but might clarify for the jury that "a second position" would have the same meaning as "a second orientation" when reading the claim. However, the claim requires no other claim construction.

## V. **...CONFIGURED TO ALLOW...** and **...CONFIGURED TO ENABLE...**
   ('764 CLAIM 1(ENABLE), 8(ALLOW); '573 CLAIM 1(ENABLE),19(ENABLE) & 20(ALLOW))

King Controls relies on its initial claim construction brief (docket # 81) for construction of these phrases as used in the two patents in suit.  These phrases are not in need of claim construction.

## VI. **...DISPOSED ON THE ENCLOSURE...**
   ('573 CLAIM 20)

King Controls relies on its initial claim construction brief (docket # 81) for construction of this phrase as used in '573 patent in suit.  This phrase is not in need of claim construction.

Respectfully submitted,

Date: November 8th, 2010

By: /s/Randall T. Skaar
Randall T. Skaar (Pro Hac Vice)
Scott G. Ulbrich (Pro Hac Vice)
SKAAR ULBRICH MACARI, P.A
601 Carlson Parkway, Suite 1050
Minneapolis, MN  55305
Phone:(612) 216-1700
Fax:  (612) 234-4465
skaar@sumiplaw.com
ulbrich@sumiplaw.com

J. Campbell Helton (AT 0003425)
WHITFIELD & EDDY, PLC
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Phone:  (515) 288-6041
Facsimile: (515) 246-1474
helton@whitfieldlaw.com

For King Controls

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2010 I electronically filed the foregoing Claim Construction Brief with the Clerk of Court using the ECF system which automatically sent this documents to the following:

April A. Marshall
Charles E Miller
Thomas D Waterman
LANE & WATERMAN L.L.P.
220 North Main Street, Suite 600
Davenport, IA 52801

Michael D Beck
MAGINOT, MOORE & BECK LLP
111 Monument Circle, Suite 3250
Indianapolis, IN 46204

**SKAAR ULBRICH MACARI, P.A**
601 Carlson Parkway, Suite 1050
Minneapolis, MN  55305
Phone:(612) 216-1700
Fax:  (612) 234-4465
skaar@sumiplaw.com

By:  /s/ Randall T. Skaar