IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

WINEGARD COMPANY,

        Plaintiff,                                No. 3-09-cv-138-CRW-CFB

vs.                                                           ORDER

ELECTRONIC CONTROLLED
SYSTEMS, INC., d/b/a KING
CONTROLS,

        Defendant.

      On November 12, 2010, the court held a hearing at the U.S. Courthouse in Davenport, Iowa on all pending motions.  The court received oral arguments of counsel and deemed the motions submitted for the rulings to follow.

      I.  Claim Construction Rulings.   In accordance with Markman v. Westview Instruments, 52 F.3d 967 (Fed. Cir. 1995), affirmed, 517 U.S. 370 (1996),  the court should interpret and construe the patent claims, to define the patentee's rights under the patents as a matter of law,  before trial begins.  The court adopts the following construction for the disputed claim language of the '573 and '764 patents.

      Winegard contends several terms in the '573 patent are indefinite and gave the public inadequate notice of the scope of several claims.  The court disagrees.  The court decides that the claim phrases in the '573 patent "configured to enable," "selectively adjust," "selectively rotate," "configure to allow," and "disposed on the enclosure" all have their customary and ordinary meaning to one skilled in the art, and are not in need of claim construction.   Winegard has not established clearly and unmistakably that King disclaimed any of its patent claims in its patent history.  See Bayer AG v. Elan Pharm. Research Corp., 212 F.3d 1241, 1251 (Fed. Cir.

2000). Moreover, the parties do not dispute the meaning or scope of Claim 3 of the '764 patent, so the court need not clarify Claim 3; it means what the parties agree it means.

    II. <u>Winegard's Motion for Additional Time to File Prior Art.</u> Winegard concedes it did not comply with the order entered by the court directing it to "serve on Plaintiff a list of all prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates claim(s) asserted by Plaintiff." Winegard filed its prior art list over one month after the initial disclosures deadline. But the court concludes trial will not be unreasonably delayed by allowing Winegard to amend its Prior Art Statement. The delay was brief. The court grants Winegard's motion to amend its prior art factual contentions in order to address in one trial all disputes between the parties.

    III. <u>King's Motion for Partial Summary Judgment</u>, King seeks partial summary judgment on Winegard's patent invalidity argument based on its prior art claims. Although Winegard did not timely serve its prior art statement explaining in detail its invalidity contentions, the court denies King's motion for partial summary judgment for the reason set forth above. By granting Winegard's motion to amend, the court permits it to present genuine issues of fact about all prior art issues that will likely require jury consideration.

    IV. <u>Winegard's Motion for Partial Summary Judgment.</u> Winegard moves for partial summary judgment of non-infringement with respect to the '573 patent as applied to Winegard's Minimax products.

    Summary judgment of non-infringement is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." See <u>Honeywell Int'l Inc. V. ITT Indus.</u>, 452 F.3d 1312, 1317 (Fed Cir. 2006) (citing F.R. Civ. P.

56 (c)).

This summary judgment record discloses evidence that Winegard sells a handle designed to attach to the Minimax. An issue for jury determination is the genuine fact question whether the Minimax is therefore configured to enable manual transportability, potentially an infringement of King's '573 patent claims.

The court denies Winegard's motion for partial summary judgment.

V. <u>Motion to Bifurcate Trial.</u> Winegard requests an order bifurcating trial in order that a jury will decide liability issues before further discovery concerning King's damages is allowed and trial held before a separate jury on damages issues. King disagrees, contending bifurcation would unfairly benefit Winegard and cause unnecessary delay.

This patent case is not unusually complex. A single trial on all issues before a single jury makes good common sense and comports with judicial efficiency. All issues can and should be ready for a jury trial in November 2011.

The court denies Winegard's motion to bifurcate the trial.

IT IS SO ORDERED.

Dated this 17th day of December, 2010.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT